**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF OREGON**

**PORTLAND DIVISION**

**TODD A. ROBERTSON,**                          10-CV-1110-BR

       **Plaintiff,**

                                 **OPINION AND ORDER**

**v.**

**WELLS FARGO HOME MORTGAGE,**

       **Defendants.**

**TODD A. ROBERTSON**
5310 Third Street
Tillamook, OR 97141

       Plaintiff, *Pro Se*

**PILAR C. FRENCH**
Lane Powell, PC
601 S.W. Second Avenue, Suite 2100
Portland, OR 97204-3158
(503) 778-2170

1 - OPINION AND ORDER

**JON D. IVES**
Severson & Werson
One Embarcadero Center, Suite 2600
San Francisco, CA 94111
(415) 398-3344

      Attorneys for Defendants

**BROWN, Judge.**

      This matter comes before the Court on the Motion (#29) to Dismiss Complaint/Alternative Motion for a More Definite Statement and Request (#31) for Judicial Notice by Defendant Wells Fargo Home Mortgage.

      For the reasons that follow, the Court **GRANTS** Defendant's Request (#31) for Judicial Notice.  The Court also **GRANTS in part** and **DENIES in part** Defendant's Motion (#29) to Dismiss as set out herein and **GRANTS** Defendant's Alternative Motion (#29) for a More Definite Statement only as to Plaintiff's claim under the FDCPA. The Court **DENIES** Defendant's request for sanctions against Plaintiff.

**PROCEDURAL BACKGROUND**

      On July 2, 2010, Plaintiff, *pro se*, filed his Complaint (#1) in the Northern District of California.  To the extent the Court can decipher Plaintiff's Complaint, Plaintiff asserts he is entitled to rescission of one or more home-mortgage loans, the release of all liens on the property subject to the mortgage(s),

$4 million in damages "per day for injuries," and "the arrest and prosecution of the agents involved in this matter for all federal law violations."

On September 13, 2010, the matter was transferred to this Court from the Northern District of California.  At the time of the transfer, Defendant had a motion to dismiss pending in the Northern District of California.  In the Order Transferring Case to the District of Oregon (#19), Judge Susan Illston stated: "Although defendant persuasively argues that the complaint does not state a claim and should be dismissed, in light of plaintiff's *pro se* status the Court will exercise its discretion and TRANSFER this case to the District of Oregon.  Defendant may renew its motion to dismiss in the Oregon court."  On October 27, 2010, Defendant filed its renewed Motion (#29) to Dismiss Complaint/Alternate Motion for a More Definite Statement and a Request (#31) for Judicial Notice.

On February 24, 2011, after briefing on Defendant's Motion was complete, Plaintiff filed a Motion (#36) to File Supplemental Pleading.  On March 3, 2011, the Court granted Plaintiff's request and permitted Plaintiff to file a Supplemental Pleading.

## STANDARDS

I.    Judicial Notice.

Federal Rule of Evidence 201 specifies the requirements for

taking judicial notice of adjudicative facts and provides in
pertinent part:

> **(b)  Kinds of facts.**  A judicially noticed fact must be
> one not subject to reasonable dispute in that it is
> either (1) generally known within the territorial
> jurisdiction of the trial court or (2) capable of
> accurate and ready determination by resort to sources
> whose accuracy cannot reasonably be questioned.
>
> **(c)  When discretionary**.  A court may take judicial
> notice, whether requested or not.
>
> **(d)  When mandatory**.  A court shall take judicial
> notice if requested by a party and supplied with the
> necessary information.

A court properly may take judicial notice of pleadings filed
in other actions.  *See Burbank-Glendale-Pasadena Airport
Authority v. City of Burbank*, 136 F.3d 1360, 1364 (9th Cir. 1998)
(court took judicial notice of pleadings filed in a related
state-court action).  The existence and content of opinions and
pleadings are matters capable of accurate and ready determination
by resort to official court files that cannot reasonably be
questioned.  *See* Fed. R. Evid. 201(b)(2).

**II.  Motion to Dismiss.**

    **A.    Generally.**

> To survive a motion to dismiss, a complaint
> must contain sufficient factual matter,
> accepted as true, to "state a claim to relief
> that is plausible on its face." [*Bell
> Atlantic v. Twombly*, 550 U.S. 554,] 570, 127
> S. Ct. 1955.  A claim has facial plausibility
> when the plaintiff pleads factual content
> that allows the court to draw the reasonable
> inference that the defendant is liable for

> the misconduct alleged. *Id.* at 556. . . .
> The plausibility standard is not akin to a
> "probability requirement," but it asks for
> more than a sheer possibility that a
> defendant has acted unlawfully. *Ibid.* Where
> a complaint pleads facts that are "merely
> consistent with" a defendant's liability, it
> "stops short of the line between possibility
> and plausibility of 'entitlement to relief.'"
> *Id.* at 557, 127 S. Ct. 1955 (brackets
> omitted).

*Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). *See also Bell
Atlantic v. Twombly*, 550 U.S. 554, 555-56 (2007).

The Supreme Court further clarified in *Iqbal* the
requirements for a pleading to survive a motion to dismiss:

> As the Court held in *Twombly*, 550 U.S. 544,
> 127 S. Ct. 1955, 167 L. Ed. 2d 929, the
> pleading standard Rule 8 announces does not
> require "detailed factual allegations," but
> it demands more than an unadorned, the-
> defendant-unlawfully-harmed-me accusation.
> *Id.*, at 555, 127 S. Ct. 1955 (citing *Papasan
> v. Allain*, 478 U.S. 265, 286, 106 S. Ct.
> 2932, 92 L. Ed. 2d 209 (1986)).  A pleading
> that offers "labels and conclusions" or "a
> formulaic recitation of the elements of a
> cause of action will not do."  550 U.S., at
> 555, 127 S. Ct. 1955.  Nor does a complaint
> suffice if it tenders "naked assertion[s]"
> devoid of "further factual enhancement."
> *Id.*, at 557, 127 S. Ct. 1955.

129 S. Ct. at 1949-50.

"[A] complaint may survive a motion to dismiss only if,
taking all well-pleaded factual allegations as true, it contains
enough facts to 'state a claim to relief that is plausible on its
face.'"  *Hebbe v. Pliler*, 627 F.3d 338, 341-42 (9th Cir.
2010)(quoting *Iqbal*, 129 S. Ct. at 1949 (2009), and *Twombly*, 550

U.S. at 570).  A *pro se* plaintiff's complaint "must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)(per curiam).  Thus, the court must construe *pro se* filings liberally. If a plaintiff fails to state a claim, "[l]eave to amend should be granted unless the pleading 'could not possibly be cured by the allegation of other facts,' and should be granted more liberally to *pro se* plaintiffs." *Ramirez v. Galaza*, 334 F.3d 850, 861 (9th Cir. 2003)(quoting *Lopez v. Smith,* 203 F.3d 1122, 1130 (9th Cir. 2000)).

**B.    Allegations and Documents Considered by this Court.**

When considering a motion to dismiss, the court must accept as true the allegations in the complaint and construe them in favor of the plaintiff.  *Intri-Plex Tech., Inc. v. Crest Group, Inc.*, 499 F.3d 1048, 1050 n.2 (9th Cir. 2007).  "The court need not accept as true, however, allegations that contradict facts that may be judicially noticed by the court."  *Shwarz v. United States*, 234 F.3d 428, 435 (9th Cir. 2000)(citations omitted).

Rule 12(b)(6) provides:

> [When] matters outside the pleading are
> presented to and not excluded by the court,
> the motion *shall* be treated as one for
> summary judgment and disposed of as provided
> in Rule 56, and all parties shall be given
> reasonable opportunity to present all
> material made pertinent to such a motion by
> Rule 56.

There are two exceptions to this rule:  The court may consider documents properly attached to the Complaint and documents that are subject to judicial notice because their authenticity cannot be questioned.  *Lee v. City of Los Angeles*, 250 F.3d 668, 688-89 (9th Cir. 2001).


## DISCUSSION

Defendant requests the Court to (1) take judicial notice of a Deed of Trust (Deed) for Plaintiff's residence and a complaint filed in the United States District Court for the Southern District of Mississippi and (2) dismiss Plaintiff's Complaint for failure to state a claim under Rule 12(b)(6) or, in the alternative, to require Plaintiff to file a more definite statement of his claims.  Defendant also seeks sanctions against Plaintiff on the ground that his Complaint is frivolous.

**I.   Documents Considered by the Court.**

As noted, Defendant requests the Court to take judicial notice of the following public documents:  (1) a copy of a Deed for Plaintiff's residence recorded in the Official Records of the Tillamook County Recorder's Office (Document No. 2007-009121) and (2) a complaint filed in the Southern District of Mississippi in *Hennis v. Trustmark Bank,* 2:10CV20-KS-MTP.

Defendant contends the true and correct copy of a Deed to Plaintiff's property is "not subject to reasonable dispute" and

7 - OPINION AND ORDER

is "capable of accurate and ready determination by resort to
sources whose accuracy cannot reasonably be questioned." Fed. R.
Civ. P. 201.  The copy of the Deed submitted by Defendant bears
the Recorder's certification that the document was recorded on
the same day as the loan, shows the address of the property
encumbered as the same as Plaintiff's address set out in his
Complaint, and reflects Plaintiff's name and what appears to be
his signature.  The Deed is a public document that is recorded by
the Recorder in Tillamook County and, therefore, is easily
verifiable and cannot reasonably be questioned.  Public records
such as deeds of trust are appropriate subjects for judicial
notice. *See Santa Monica Food not Bombs v. City of Santa Monica*,
450 F.3d 1022, 1025 (9th Cir. 2006).  The Deed reflects Plaintiff
received a $25,000 loan from Sterling Savings Bank and does not
make any reference to Defendant.

Defendant also requests the Court to take judicial notice of
a complaint filed in *Hennis v. Trustmark Bank* in the Southern
District of Mississippi.  As noted, the Court may properly take
notice of pleadings filed with other courts.

Plaintiff has not objected to Defendant's requests.

In addition, Plaintiff attached to his Response to
Defendant's Motion a letter that he wrote to Defendant on
September 20, 2010, in which he states he is the owner of the
residence at 5310 Third Street, Tillamook, Oregon; he has "been

8 - OPINION AND ORDER

making payments to Wells Fargo in good faith for approximately 8 years now" on loan number 8955051; and he requests to see the "Original Wet Ink Signature Promissory Note" for the mortgage on his home.  Although Plaintiff does not ask the Court to take judicial notice of this document, the Court notes the letter's authenticity is not questioned and in his Complaint Plaintiff relies in part on his request for Defendant to produce the original promissory note.  Accordingly, the Court may properly take judicial notice of the letter submitted by Plaintiff.  *See Lee*, 250 F.3d at 688.

On this record the Court takes judicial notice of the Deed and the complaint submitted by Defendant and the September 20, 2010, letter submitted by Plaintiff.  Because all of these documents fall within the exceptions to Rule 12(b)(6) that permit consideration by the Court, Defendant's Motion to Dismiss does not convert into a motion for summary judgment under Rule 56. *Id.* at 688-89.

**II.  Motion to Dismiss.**

Defendant contends Plaintiff's Complaint is frivolous and that the "legal" theories Plaintiff advances have been universally rejected in similar cases.  Defendant also contends Plaintiff does not state a claim on which relief can be granted and that Plaintiff could not salvage his Complaint by amendment. Thus, Defendant contends the Court should dismiss Plaintiff's

Complaint with prejudice pursuant to Rule 12(b)(6) without allowing Plaintiff the opportunity to amend his Complaint.

In general it appears Plaintiff contends he is entitled to rescind a loan agreement that is secured by his residence, and, therefore, he is not obligated to pay back the loan because (1) Plaintiff's loan was financed with Federal Reserve Notes, which, according to Plaintiff, are not valuable consideration like gold or silver; (2) Defendant unlawfully required Plaintiff to disclose his Social Security number; (3) Defendant violated the Fair Debt Collections Practices Act (FDCPA) by unlawfully seeking to collect money from Plaintiff to pay the loan; (4) Plaintiff tendered a "Bill of Exchange" that satisfies his obligation to Defendant, and (5) Defendant's purchase of Plaintiff's promissory note was unlawful. Although Plaintiff also requests a $4 million per-day damage assessment and requests the arrest and prosecution of Defendant's agents, Plaintiff does not provide any factual or legal basis for these requests.

Plaintiff's Complaint is virtually devoid of facts to support his allegations. Relying solely on the face of the Complaint, the Court cannot determine what, if any, agreement exists between Plaintiff and Defendant nor does Plaintiff explain Defendant's relationship to the loan agreement that he seeks to rescind. Although Plaintiff implies in his Complaint that Defendant originated a home-loan contract with Plaintiff (based

10 - OPINION AND ORDER

on, for example, Plaintiff's contention that Defendant acted unlawfully in the formation of the loan by compelling Plaintiff to submit his Social Security number), Plaintiff also asserts in his Response to Defendant's Motion that Defendant "ostensibly bought My Promissory Note from the original loan servicer, GreenPoint Mortgage Funding, Inc." As noted, Plaintiff attached to his Response a letter that he wrote to Defendant in which he acknowledges he made payments to Defendant for eight years on a loan secured by a mortgage on his home. In his Supplemental Response, however, Plaintiff takes another tack by asserting Defendant "is not a Real Party of Interest" and has "no Right of Claim" in this matter. Thus, the contract that Plaintiff seeks to rescind and the relationship, if any, Defendant may have to such contract are unclear.

Nevertheless, in evaluating Defendant's Motion to Dismiss, the Court assumes Plaintiff intends to allege such a contract exists as the Court addresses each of Plaintiff's asserted legal grounds for relief.

**A.    Inadequate Consideration.**

Plaintiff contends "Federal Reserve Notes" are not valuable consideration like gold or silver, and, therefore, the loan agreement is unenforceable. It is not clear, however, whether Plaintiff seeks to rescind the original mortgage loan for his home or the loan from Sterling Savings Bank on this basis or

11 - OPINION AND ORDER

both.

Plaintiff cites "article 1, section 10, Constitution for the united states, 1789" to support his position that only gold or silver can serve as legal tender in the United States.  This misreading of the Constitution has been raised and rejected in the courts for decades, and this Court need not recount in detail the long history of court decisions regarding this frivolous argument.  *See, e.g., United States v. Condo*, 741 F.2d 238, 239 (9th Cir. 1984)(notes the Ninth Circuit has repeatedly rejected as frivolous the argument that Federal Reserve Notes are not valuable currency); *Norman v. Baltimore & Ohio R.R. Co.*, 294 U.S. 240, 302-03 (1935)("It is unnecessary to review the historic controversy as to the extent of this power, or again to go over the ground traversed by the Court in reaching the conclusion that the Congress may make Treasury notes legal tender in payment of debts previously contracted, as well as of those subsequently contracted, whether that authority be exercised in course of war or in time of peace.").

The Court concludes on this record that Plaintiff has not stated any facts or law that would entitle him to relief on this basis.  In other words, regardless of the loan arrangement with Defendant that Plaintiff seeks to rescind, he may not do so on the ground that the agreement lacked consideration because Federal Reserve Notes do not have any value.  Thus, the Court

concludes Plaintiff could not amend his Complaint to plead any facts that would state a plausible entitlement to relief on this basis.

Accordingly the Court grants Defendant's Motion to Dismiss and dismisses this claim of Plaintiff's Complaint **with prejudice**.

**B.    Unlawful Disclosure of Plaintiff's Social Security Number.**

Plaintiff also contends "Defendant made the contract in the commission of a crime by requiring the plaintiff to disclose his social security number in violation of USC TITLE 42 > CHAPTER 7 > SUBCHAPTER II > § 408 Penalties A -8." Plaintiff does not state when or to whom he was "compelled" to gave his Social Security number and does not make any reference to any specific document in which Defendant or any other person compelled Plaintiff to disclose his Social Security number. Nevertheless, Plaintiff appears to contend "the contract" is subject to rescission because Defendant acted unlawfully in its formation.

Although it is unclear whether Defendant entered into the contract at issue with Plaintiff, the Court cannot conceive of any circumstances under which Defendant would have "unlawfully" compelled Plaintiff to disclose his Social Security number. Moreover, the Court notes Plaintiff does not allege he was compelled to enter into any loan (a voluntary legal arrangement) with Defendant or with any other lender. It is undisputed, for example, that Plaintiff voluntarily entered into a loan agreement

13 - OPINION AND ORDER

with Sterling Savings Bank to obtain the $25,000 benefit in exchange for the Deed on his home.

In any event, even though it is a felony under 42 U.S.C. § 408(a)(8)[1] to compel the disclosure of a person's Social Security number under certain circumstances, § 408 does not create a private remedy. *See, e.g., Hennis v. Trustmark Bank*, No. 2:10CV20-KS-MTP, 2010 WL 1904860, at *4 (S.D. Miss. 2010)(cites numerous authorities that set out the principle that § 408 does not create a private remedy).

The Court concludes on this record that Plaintiff has not stated any facts or law that would entitle him to relief on this basis. Regardless of the facts asserted by Plaintiff, he cannot state a cause of action under § 408 because it does not provide a civil remedy. In addition, Plaintiff cannot plausibly allege he was unlawfully compelled to provide his Social Security number when he concedes he voluntarily entered into a loan transaction. Thus, the Court concludes Plaintiff could not amend his Complaint to plead any facts that would state a plausible entitlement to relief on this basis.

Accordingly, the Court grants Defendant's Motion to Dismiss and dismisses this claim of Plaintiff's Complaint **with prejudice**.

---

[1] The statute provides "whoever discloses, uses, or compels the disclosure of the social security number of any person in violation of the laws of the United States shall be guilty of a felony and upon conviction thereof shall be fined under Title 18 or imprisoned for not more than five years, or both."

## C.   Unlawful Debt Collection.

Plaintiff also appears to attempt to state a claim against Defendant for allegedly violating the FDCPA, 15 U.S.C. § 1692g, but the Court cannot determine the basis for Plaintiff's assertion in the Complaint that "Defendant has not provided any validation of debt."

In support of its Motion, Defendant contends the FDCPA does not apply to it because (1) Defendant is not a "debt collector" seeking to recover debts owed or due to another pursuant to § 1692a and (2) Plaintiff does not dispute he owes a debt as required under § 1692g(b).

The FDCPA applies only to "debt collectors" who seek to recover debts "owed or due to another." 15 U.S.C. § 1692a. *See also Rowe v. Educ. Credit Mgmt. Corp.*, 559 F.3d 1028, 1031 (9th Cir. 2009). Specifically, the FDCPA does not apply to creditors such as mortgagees that seek to collect loans they originate. 15 U.S.C. §§ 1692a(6)A), (F). In addition, pre-default assignees of a mortgage are not subject to the FDCPA. *Mansour v. Cal-Western Reconveyance Corp.*, 618 F. Supp. 2d 1178, 1182 (D. Ariz. Apr. 21, 2009)(citing *Perry v. Stewart Title Co.*, 756 F.2d 1197, 1208 (5th Cir. 1985)). As noted, because Plaintiff's Complaint is not a model of clarity, and Defendant uses only conditional language in its Motion ["*if* the mortgage loan was acquired by Wells Fargo" (emphasis added)], the Court cannot tell from this record whether

15 - OPINION AND ORDER

Defendant has purchased the right to recover a debt Plaintiff
owes or if Plaintiff was in default at that time.  As noted,
Defendant submitted a Deed that evidences an agreement between
Plaintiff and Sterling Savings Bank for $25,000, but neither the
Complaint nor Defendant's papers state Defendant's relationship
to that loan definitively (*i.e.*, such as whether it purchased or
otherwise acquired that obligation).

Under a liberal reading of Plaintiff's Complaint, Plaintiff
is "disputing" some obligation.  In his Supplemental Response
(#36), Plaintiff contends for the first time that Defendant is
"fraudulently" attempting to collect the debt from Plaintiff, but
Plaintiff has not asserted any factual basis to make this
contention plausible and Plaintiff's allegations clearly do not
satisfy the heightened pleading standards under Rule 9(b) that
require a party to state with particularity the basis for any
claim of fraud.  Nevertheless, under a liberal reading of the
Complaint, the Court cannot rule out that Plaintiff may be able
to allege a plausible basis to support a claim that Defendant has
attempted to collect on a loan that is owed to Sterling Savings
Bank and that Defendant is subject to the requirements of the
FDCPA.

The Court, therefore, denies Defendant's Motion to Dismiss
this claim but grants Defendant's Alternative Motion for a More
Definite Statement of this claim pursuant to Rule 12(e) on the

16 - OPINION AND ORDER

ground that Plaintiff's claim is "so vague or ambiguous that
[Defendant] cannot reasonably prepare a response." *See* Fed R.
Civ. P. 12(e).

Plaintiff, therefore, may file an amended complaint as to
his FDCPA claim.  To cure the deficiencies as to this claim,
Plaintiff must at a minimum clearly identify the party with whom
he allegedly made the loan at issue, plead the factual basis that
shows Defendant has attempted to collect the loan from Plaintiff
on behalf of another in violation of the FDCPA, plead the factual
basis that clarifies the nature of Plaintiff's dispute of that
debt, plead the factual basis that shows Defendant is subject to
the FDCPA, and pleads the facts that show Defendant has failed to
validate that debt in violation of the FDCPA.

**D.    Bill of Exchange.**

As noted, Plaintiff asserts he tendered a "Bill of Exchange"
to Defendant that settles his account and requires Defendant to
release all liens on Plaintiff's property.  Plaintiff alleges
Defendant's failure to endorse the "Bill of Exchange" and to
deliver it to the Federal Reserve is unlawful and entitles
Plaintiff to rescind the loan agreement.  Plaintiff cites the
Uniform Commercial Code §§ 3-104, 63-603 and "USC TITLE 12>
CHAPTER 3> SUBCHAPTER IX> § 343."

In support of its Motion to Dismiss, Defendant contends
Plaintiff's cited authorities do not provide any basis for

17 - OPINION AND ORDER

rescission of Plaintiff's loan agreement.  In particular,
Defendant points out that Plaintiff's "redemption theory"
associated with the use of "Bills of Exchange" has been wholly
discredited by the courts.  As the court in *Hennis* stated:  "From
coast to coast, claims that debts have been paid under the
redemption theory by the plaintiffs' issuance of 'bills of
exchange' have been dismissed as frivolous."  2010 WL 1904860, at
*5 (citing *Bryant v. Wash. Mut. Bank*, 524 F. Supp. 2d 753, 760
(W.D. Va. 2007)).  In addition, Defendant notes Plaintiff's use
of fraudulent "Bills of Exchange" as valuable tender to satisfy
his obligations would be a federal crime.  *See* 18 U.S.C. §§ 2,
371.

Plaintiff, however, contends in his Response that he offered
the "Bill of Exchange" in good faith and that his reservation of
his rights under U.C.C. 1-308(a) insulates him against federal
prosecution for passing fraudulent instruments.

Because Plaintiff has not provided any legal basis for the
Court to conclude any "Bill of Exchange" satisfies the terms of
the contract that he signed when he accepted a loan, and because
of the clear weight of authority to the contrary, the Court
grants Defendant's Motion to Dismiss this claim of Plaintiff's
Complaint **with prejudice**.

**E.   Defendant's Purchase of the Promissory Note.**

Plaintiff contends in his Response that Defendant could not

lawfully purchase the Promissory Note that accompanies the mortgage on Plaintiff's home because the note represents "a large portion of My Future Labor." Plaintiff cites "USC TITLE 15 >CHAPTER 1> SECTION 17" for the proposition that "[t]he labor of a human being is not a commodity or article of commerce."

Defendant notes 15 U.S.C. § 17 is a labor law designed to exempt labor unions from antitrust laws by excluding the labor of human beings from classification as a commodity or article of commerce over which a labor union might otherwise have a monopoly or the power to restrain trade.[2] Plaintiff has not provided nor did the Court find any authority that prohibits the sale of promissory notes on this basis. Indeed, promissory notes are readily exchanged in commerce.

Plaintiff has also made several attempts to secure Defendant's production of the "wet ink signature promissory note" for his inspection, which Defendant has thus far refused to produce. Plaintiff, however, does not cite to nor does the Court

_____

[2] 15 U.S.C. § 17 provides:  The labor of a human being is not a commodity or article of commerce.  Nothing contained in the antitrust laws shall be construed to forbid the existence and operation of labor, agricultural, or horticultural organizations, instituted for the purposes of mutual help, and not having capital stock or conducted for profit, or to forbid or restrain individual members of such organizations from lawfully carrying out the legitimate objects thereof; nor shall such organizations, or the members thereof, be held or construed to be illegal combinations or conspiracies in restraint of trade, under the antitrust laws.

find any legal basis for requiring Defendant to produce such a
document.

The Court concludes on this record that Plaintiff has not
stated any factual or legal grounds for invalidating Defendant's
purported purchase of Plaintiff's Promissory Note.  Moreover,
because Plaintiff has not cited any law that would entitle him to
relief on this ground, the Court grants Defendant's Motion to
Dismiss this claim of Plaintiff's Complaint **with prejudice**.

    **F.   Frivolous Complaint and Opportunity to Amend.**

Defendant contends Plaintiff has not and cannot state any
facts or law upon which relief from his contractual obligations
may be granted and that Plaintiff's Complaint is merely a
frivolous attempt to escape his obligation to repay a loan.
Defendant refers to the complaint filed in *Hennis* as further
evidence of Plaintiff's frivolous pleading:  That complaint is
virtually identical in both format and content to Plaintiff's
Complaint filed in this case except for minor changes that
reflect the identity of the different parties in this matter.
Thus, it appears that Plaintiff has copied his Complaint from
some other source without reconciling the claims set out in that
document with the particular facts of this matter.  This, in
turn, has contributed to the significant difficulty Defendant and
the Court have had in assessing the legitimacy of Plaintiff's
claims.

In light of the foregoing, the Court concludes Plaintiff's claims for rescission based on (1) a lack of consideration; (2) the compelled disclosure of Plaintiff's Social Security number; (3) the satisfaction of Plaintiff's obligation by a "Bill of Exchange", and (4) the unlawful purchase of Plaintiff's promissory note are based on discredited "legal" theories or unfounded legal principles, and, therefore, Plaintiff does not and cannot state any facts or law on which relief may be granted as to these theories.  As the Court has already concluded, those claims "'could not possibly be cured by the allegation of other facts.'"  *See Ramirez v. Galaza*, 334 F.3d 850, 861 (9th Cir. 2003)(quoting *Lopez v. Smith,* 203 F.3d 1122, 1130 (9th Cir. 2000)).  Accordingly, the Court concludes on this record that it is not in the interests of justice to permit Plaintiff to amend his Complaint with respect to those claims because it cannot result in cognizable claims for rescission of any loan under the law.  *See In re Daou Sys., Inc.*, 411 F.3d 1006, 1013 (9th Cir. 2005).  As noted, the Court grants Defendant's Motion to Dismiss and dismisses these claims of Plaintiff's Complaint **with prejudice**.  Thus, these claims may not be included in any amended complaint.

As noted, however, the Court denies Defendant's Motion to Dismiss as to Plaintiff's FDCPA claim and grants Defendant's Alternative Motion for a More Definite Statement of this claim.

To cure the deficiencies in his Complaint, Plaintiff may file an amended complaint restating this claim as specified herein.

**III. Sanctions.**

Although Defendant requests the Court to sanction the Plaintiff by awarding to Defendant the attorneys' fees and costs incurred by Defendant in responding to Plaintiff's frivolous and discredited claims, the Court declines to do so at this time. The Court concludes the dismissal of all but one of Plaintiff's claims at this early stage is sufficient, and further sanctions are not warranted.

<u>CONCLUSION</u>

For these reasons, the Court **GRANTS** Defendant's Request (#31) for Judicial Notice.  The Court also **GRANTS in part** and **DENIES in part** Defendant's Motion (#29) to Dismiss as set out herein and **GRANTS** Defendant's Alternative Motion (#29) for a More Definite Statement as to Plaintiff's sole remaining claim under the FDCPA.  The Court **DENIES** Defendant's request for sanctions against Plaintiff.

Accordingly, Plaintiff may file an Amended Complaint **no later than June 20, 2011,** to attempt to cure its deficiencies **only** as to his FDCPA claim and in accordance with this Opinion and Order.  If Plaintiff does not file an amended complaint by June 20, 2011, the Court will dismiss what remains of Plaintiff's

22 - OPINION AND ORDER

Complaint.

IT IS SO ORDERED.

DATED this 20th day of May, 2011.


                                        /s/ Anna J. Brown

                                        _____
                                        ANNA J. BROWN
                                        United States District Judge