IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION


TODD A. ROBERTSON,                          10-CV-1110-BR

       Plaintiff,

                                    OPINION AND ORDER

v.

WELLS FARGO HOME MORTGAGE,

       Defendants.


**TODD A. ROBERTSON**
5310 Third Street
Tillamook, OR 97141

       Plaintiff, *Pro Se*

**PILAR C. FRENCH**
Lane Powell, PC
601 S.W. Second Avenue, Suite 2100
Portland, OR 97204-3158
(503) 778-2170


1 - OPINION AND ORDER

**JON D. IVES**
Severson & Werson
One Embarcadero Center, Suite 2600
San Francisco, CA 94111
(415) 398-3344

      Attorneys for Defendants

**BROWN, Judge.**

      This matter comes before the Court on Defendant Wells Fargo Home Mortgage's Motion (#46) to Dismiss First Amended Complaint and Request for Judicial Notice and Plaintiff's Requests (#42, #43) for Judicial Notice.

      For the reasons that follow, the Court **GRANTS** Defendant's Request (#46) for Judicial Notice and **GRANTS in part** and **DENIES in part** Plaintiff's Requests (#42, #43) for Judicial Notice.  The Court also **GRANTS** Defendant's Motion (#46) to Dismiss Plaintiff's First Amended Complaint.


<u>**BACKGROUND**</u>

      On July 2, 2010, Plaintiff appearing *pro se* filed his Complaint (#1) in the Northern District of California.  In his original Complaint, Plaintiff asserted he is entitled to rescission of one or more home-mortgage loans, the release of all liens on the property subject to the mortgage(s), $4 million in damages "per day for injuries," and "the arrest and prosecution of the agents involved in this matter for all federal law

2 - OPINION AND ORDER

violations."

On September 13, 2010, the matter was transferred to this Court from the Northern District of California.  At the time of the transfer, Defendant had a motion to dismiss pending in the Northern District of California.  In the Order (#19) Transferring Case to the District of Oregon, Judge Susan Illston stated: "Although defendant persuasively argues that the complaint does not state a claim and should be dismissed, in light of plaintiff's *pro se* status the Court will exercise its discretion and TRANSFER this case to the District of Oregon.  Defendant may renew its motion to dismiss in the Oregon court."  On October 27, 2010, Defendant filed its renewed Motion (#29) to Dismiss Complaint/Alternate Motion for a More Definite Statement.

On May 20, 2011, this Court issued an Opinion and Order in which it granted in part Defendant's Motion to Dismiss Plaintiff's claims to the extent that Plaintiff asserted he is not obligated to pay his home-mortgage loan because (1) Plaintiff's loan was financed with Federal Reserve Notes, which, according to Plaintiff, are not valuable consideration like gold or silver; (2) Defendant unlawfully required Plaintiff to disclose his Social Security number; (3) Defendant's purchase of Plaintiff's promissory note was unlawful; and (4) Plaintiff, in any event, tendered a "Bill of Exchange" that satisfies his obligation to Defendant.  The Court concluded Plaintiff could not

cure the deficiencies in those claims by amendment and,
therefore, dismissed those claims with prejudice.  The Court
denied Defendant's Motion to Dismiss as to Plaintiff's claim
under the Fair Debt Collections Practices Act (FDCPA), 15 U.S.C.
§ 1692, *et seq.*, because "under a liberal reading of the
Complaint, the Court cannot rule out that Plaintiff may be able
to allege a plausible basis to support a claim that Defendant has
attempted to collect on a loan that is owed to Sterling Savings
Bank and that Defendant is subject to the requirements of the
FDCPA."  Thus, the Court granted Defendant's Alternative Motion
for a More Definite Statement, permitted Plaintiff to file an
amended complaint only as to Plaintiff's FDCPA claim, and
required Plaintiff to

> at a minimum clearly identify the party with
> whom he allegedly made the loan at issue,
> plead the factual basis that shows Defendant
> has attempted to collect the loan from
> Plaintiff on behalf of another in violation
> of the FDCPA, plead the factual basis that
> clarifies the nature of Plaintiff's dispute
> of that debt, plead the factual basis that
> shows Defendant is subject to the FDCPA, and
> plead[] the facts that show Defendant has
> failed to validate that debt in violation of
> the FDCPA.

On May 24, 2011, Plaintiff filed his Amended Complaint (#42)
and Request for Judicial Notice.  That same day, Plaintiff filed
an additional Request (#43) for Judicial Notice.  On June 17,
2011, Defendant filed its Motion (#46) to Dismiss the First
Amended Complaint and an accompanying Request for Judicial

4 - OPINION AND ORDER

Notice.  On June 21, 2011, Plaintiff filed his Opposition to Defendant's Motion to Dismiss, which he supplemented on July 7, 2011, by filing an Additional Citation in Support.

### PARTIES' REQUESTS FOR JUDICIAL NOTICE (#42, #43, #46)

As noted, Plaintiff filed two Requests (#42, #43) for Judicial Notice, and Defendant also filed a Request (#46) for Judicial Notice.

## I.  Standards.

Federal Rule of Evidence 201 specifies the requirements for taking judicial notice of adjudicative facts and provides in pertinent part:

> **(b)  Kinds of facts.**  A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.
>
> **(c)  When discretionary.**  A court may take judicial notice, whether requested or not.
>
> **(d)  When mandatory.**  A court shall take judicial notice if requested by a party and supplied with the necessary information.

## II. Defendant's Request for Judicial Notice.

Defendant requests the Court to take notice of a copy of the original Deed of Trust on Plaintiff's residence that secured a loan of $87,500 to Plaintiff by the lender GreenPoint Mortgage on January 28, 2002.  Plaintiff does not object to the authenticity

5 - OPINION AND ORDER

of the Deed of Trust, which was recorded in the Tillamook County Recorder's Office.

Defendant contends the true and correct copy of the Deed to Plaintiff's property is not subject to reasonable dispute and is "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." *See* Fed. R. Evid. 201.  The copy of the Deed submitted by Defendant bears the Recorder's certification that the document was recorded on February 1, 2002, contemporaneous with the loan; shows the address of the property encumbered as the same as Plaintiff's address set out in his Amended Complaint; and reflects Plaintiff's name and what appears to be his signature.  The Deed is a public document that is recorded by the Recorder in Tillamook County and, therefore, is easily verifiable and cannot reasonably be questioned.  Public records such as deeds of trust are appropriate subjects for judicial notice. *See Santa Monica Food not Bombs v. City of Santa Monica*, 450 F.3d 1022, 1025 (9th Cir. 2006).

Accordingly, the Court grants Defendant's Request (#46) for Judicial Notice of the Deed of Trust.

**III. Plaintiff's Requests for Judicial Notice.**

Plaintiff requests the Court to take judicial notice of the following documents attached to Plaintiff's Amended Complaint (#42) and included in Plaintiff's separate Request (#43) for

6 - OPINION AND ORDER

Judicial Notice:

    1.    Excerpts from Oregon Revised Statute §§ 93.010 and 93.020 and *Carpenter v. Longan*, 83 U.S. 271 (1872), concerning recording and conveyance of mortgages;

    2.    A copy of an excerpt of one of the three pages from the original Promissory Note for the loan and two of the fifteen pages from the Deed of Trust;

    3.    A document that appears to be the result of a search for the Deed of Trust on Plaintiff's property;

    4.    An excerpt from a treatise published on the internet titled "Appendix E:  Explanation of Securitization";

    5.    A copy of a letter that Plaintiff allegedly sent to Defendant on January 18, 2011, in which Plaintiff demands to know whether Defendant is the "holder in due course" of Plaintiff's promissory note and to know the details of the securitization of his mortgage;

    6.    A letter from Defendant to Plaintiff dated January 31, 2011, in which Defendant states it is servicing "a valid loan and lien on [Plaintiff's] property"; and

    7.    A copy of a decision by the United States Bankruptcy Court for the Eastern District of New York, *In re Ferrel L. Agard*, 444 B.R. 231 (E.D. N.Y., Feb. 10, 2011).

    Plaintiff did not offer any evidence as to the authenticity of the above documents or any argument to support his Requests.

Defendant, however, did not object to any of Plaintiff's Requests.

      With respect to the documents listed in Nos. 1, 4, and 7 above, the Court need not take judicial notice to consider them in their proper legal context when resolving Defendant's Motion to Dismiss.   The Court, therefore, denies Plaintiff's Request for Judicial Notice of those documents.

      As to No. 2, the Court notes Plaintiff appears to have provided the first page of the Promissory Note and two pages of the Deed of Trust (pages two and eleven) that Defendant ultimately provided in full.   The Court does not find any differences between the two pages of the Deed of Trust provided by Plaintiff and Defendant and, therefore, declines to take notice of those pages in light of the fact that the Court has already granted Defendant's Request to take judicial notice of the entire document.

      Even though it does not appear Plaintiff has provided the complete Promissory Note (the document indicates it is page one of three), the Court does not have any basis to question the authenticity or the accuracy of the excerpt, particularly in light of the lack of any objection by Defendant.   The Promissory Note bears the same date, principal amount, terms, and subject property as the Deed of Trust offered by Defendant and noticed by the Court.   Accordingly, the Court grants Plaintiff's Request to

take judicial notice of one page of the Promissory Note for the $87,500 loan Plaintiff accepted from GreenPoint Mortgage.

The Court cannot determine exactly what the document referenced in No. 3 is, its relevance to this matter, nor its accuracy.  Accordingly, the Court denies Plaintiff's Request to take judicial notice of that document.

The Court notes the authenticity of the letters referenced in Nos. 5 and 6 is not disputed and that Plaintiff relies on both letters in his Complaint.  Accordingly, the Court may properly consider the letters submitted by Plaintiff.  *See Lee v. City of Los Angeles*, 250 F.3d 668, 688-89 (9th Cir. 2001)(The court may properly consider documents attached to the Complaint and documents that are subject to judicial notice because their authenticity cannot be questioned.).  Accordingly, the Court grants Plaintiff's Request to take judicial notice of those documents.

## DEFENDANT'S MOTION TO DISMISS FIRST AMENDED COMPLAINT (#46)

Defendant seeks dismissal of Plaintiff's Amended Complaint with prejudice and without leave for further amendment.

## I.    Standards.

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." [*Bell Atlantic v. Twombly*, 550 U.S. 554,] 570, 127 S. Ct. 1955.  A claim has facial plausibility

> when the plaintiff pleads factual content
> that allows the court to draw the reasonable
> inference that the defendant is liable for
> the misconduct alleged.  *Id*. at 556. . . .
> The plausibility standard is not akin to a
> "probability requirement," but it asks for
> more than a sheer possibility that a
> defendant has acted unlawfully.  *Ibid*.  Where
> a complaint pleads facts that are "merely
> consistent with" a defendant's liability, it
> "stops short of the line between possibility
> and plausibility of 'entitlement to relief.'"
> *Id*. at 557, 127 S. Ct. 1955 (brackets
> omitted).

*Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).  *See also Bell Atlantic v. Twombly*, 550 U.S. 554, 555-56 (2007).

The Supreme Court further clarified in *Iqbal* the requirements for a pleading to survive a motion to dismiss:

> As the Court held in *Twombly*, 550 U.S. 544,
> 127 S. Ct. 1955, 167 L. Ed. 2d 929, the
> pleading standard Rule 8 announces does not
> require "detailed factual allegations," but
> it demands more than an unadorned, the-
> defendant-unlawfully-harmed-me accusation.
> *Id*., at 555, 127 S. Ct. 1955 (citing *Papasan
> v. Allain*, 478 U.S. 265, 286, 106 S. Ct.
> 2932, 92 L. Ed. 2d 209 (1986)).  A pleading
> that offers "labels and conclusions" or "a
> formulaic recitation of the elements of a
> cause of action will not do."  550 U.S., at
> 555, 127 S. Ct. 1955.  Nor does a complaint
> suffice if it tenders "naked assertion[s]"
> devoid of "further factual enhancement."
> *Id*., at 557, 127 S. Ct. 1955.

129 S. Ct. at 1949-50.

"[A] complaint may survive a motion to dismiss only if, taking all well-pleaded factual allegations as true, it contains enough facts to 'state a claim to relief that is plausible on its

10 - OPINION AND ORDER

face.'" *Hebbe v. Pliler*, 627 F.3d 338, 341-42 (9th Cir. 2010)(quoting *Iqbal*, 129 S. Ct. at 1949 (2009), and *Twombly*, 550 U.S. at 570). A *pro se* plaintiff's complaint "must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)(per curiam). Thus, the court must construe *pro se* filings liberally. If a plaintiff fails to state a claim, "[l]eave to amend should be granted unless the pleading 'could not possibly be cured by the allegation of other facts,' and should be granted more liberally to *pro se* plaintiffs." *Ramirez v. Galaza*, 334 F.3d 850, 861 (9th Cir. 2003)(quoting *Lopez v. Smith,* 203 F.3d 1122, 1130 (9th Cir. 2000)).

## II.  Plaintiff's FDCPA Claim.

Defendant contends Plaintiff has not cured the deficiencies of his FDCPA claim in his Amended Complaint. Specifically, Defendant maintains Plaintiff did not meet the Court's minimum requirements: (1) to identify the party with whom he allegedly made the loan at issue, (2) to plead a factual basis that shows Defendant has attempted to collect the loan from Plaintiff on behalf of another in violation of the FDCPA, (3) to plead a factual basis that clarifies the nature of Plaintiff's dispute of that debt, (4) to plead a factual basis that shows Defendant is subject to the FDCPA, and (5) to plead facts that show Defendant has failed to validate that debt in violation of the FDCPA.

In his Complaint and in his Response to Defendant's Motion, Plaintiff admits Defendant is not a "debt collector" that is subject to the FDCPA and concedes he does not state a claim against Defendant for a violation of the FDCPA.  In addition to these concessions, the Court notes Plaintiff has not satisfied the minimum pleading requirements for stating a claim under the FDCPA as set out by the Court in its Opinion and Order issued on May 20, 2011.

Accordingly, the Court grants Defendant's Motion to Dismiss Plaintiff's FDCPA claim against Defendant with prejudice.

## III. Plaintiff's Additional Allegations.

In its Opinion and Order issued on May 20, 2011, the Court held:  "Plaintiff may file an Amended Complaint **no later than June 20, 2011**, to attempt to cure its deficiencies **only** as to his FDCPA claim and in accordance with this Opinion and Order" (emphasis in original).  Despite the Court's instruction that Plaintiff limit his Amended Complaint to his FDCPA claim, Plaintiff concedes his FDCPA claim and seeks leave of Court to "explain [his] position and hopefully eliminate any ambiguity." Plaintiff then sets out the bases for his belief that Defendant does not have a right to collect payments on his Promissory Note with GreenPoint Mortgage and "is misrepresenting their position to fraudulently collect loan payments" on the following grounds: (1) the sale and securitization of Plaintiff's mortgage has

broken the chain of title, and Defendants are not legally entitled to collect payments as a loan servicer; (2) Defendant is not the "Note Holder" and has not produced the Promissory Note as proof that it is entitled to receive Plaintiff's loan payments; and (3) the Deed of Trust's mention of MERS as a beneficiary somehow renders the loan unenforceable. Defendant contends these additional allegations do not adequately state a claim for rescission of the loan or for damages in the amount of $87,500.

The Court must liberally construe a *pro se* litigant's pleadings and apply a less stringent standard. Thus, despite the Court's express limitation permitting Plaintiff to amend his Complaint only as to his FDCPA claim, the Court, in the exercise of its discretion, will consider whether Plaintiff's additional allegations state any plausible claim for relief. The Court, however, will not permit further noncompliance with its Orders.

**A. Fraud.**

Plaintiff alleges Defendant fraudulently sought to collect payments under the terms of Plaintiff's loan from GreenPoint Mortgage. In its Opinion and Order issued on May 20, 2011, the Court found "Plaintiff has not asserted any factual basis to make [his fraud] contention plausible and Plaintiff's allegations clearly do not satisfy the heightened pleading standards under Rule 9(b) that require a party to state with particularity the basis for any claim of fraud" and dismissed Plaintiff's claim.

In his Amended Complaint, Plaintiff again only asserts generally that Defendant has engaged in fraudulent behavior and fails to allege with any particularity the basis for a finding that Defendant knowingly misrepresented facts to Plaintiff to collect loan payments to which it was not entitled.

Accordingly, to the extent that Plaintiff seeks to bring a claim of fraud against Defendant in his Amended Complaint, the Court grants Defendant's Motion to Dismiss.

**B.   Sale and Securitization of Plaintiff's Mortgage.**

Plaintiff asserts the sale and securitization of his mortgage loan has broken the chain of title and renders unknown the identity of the note holder.  Plaintiff does not cite any authority for the general proposition that the sale or securitization of his mortgage nullifies the transaction.  In fact, the portion of the Deed of Trust that Plaintiff requested the Court to take notice of contains a provision authorizing such actions:

> The Note or a partial interest in the Note (together with this Security Instrument) can be sold one or more times without prior notice to Borrower.  A sale might result in a change in the entity (known as the "Loan Servicer") that collects Periodic Payments due under the Note and this Security Instrument and performs other mortgage loan servicing obligations under the Note, this Security instrument, and Applicable Law. There also might be one or more changes of the Loan Servicer unrelated to a sale of the Note.

Plaintiff also appears to allege that the conveyance of the mortgage (as an interest in real property) must be recorded under Oregon Revised Statutes §§ 93.010 and 93.020.  The Oregon Supreme Court, however, has long held the sale of a mortgage is effective without recording.  *See Watson v. Dundee Mortg. & Trust Inv. Co.*, 12 Or. 474, 478-82 (1885)(assignments of a mortgage need not be recorded to be effective).  *See also* Or. Rev. Stat.  § 86.060 (assigned mortgages "may be . . . recorded in the records of mortgages").  Although some decisions from this jurisdiction have invalidated or restrained nonjudicial foreclosures when the assignments of a mortgage were not recorded, the record does not reflect this matter is in foreclosure.  *See, e.g., Hooker v. Northwest Trustee Services, Inc.*, No. 10-CV-3111-PA, 2010 WL 2119103 (D. Or., May 25, 2011)(concluding Oregon law requires assignments to be recorded to effectuate nonjudicial foreclosure).  Thus, neither the mortgage documents nor Oregon law prohibit the sale of Plaintiff's mortgage or requires the recordation of an assignment of the mortgage by GreenPoint Mortgage to Defendant under these circumstances.

Because Plaintiff has not stated any legal principle under which he may be entitled to relief on the basis that his loan has been sold or securitized, the Court concludes any amendment would be futile.  Accordingly, the Court grants Defendant's Motion to Dismiss as to Plaintiff's claim that the sale or securitization

of his mortgage impairs Defendant's rights.

**C. Defendant's Status as "Note Holder."**

Plaintiff also alleges Defendant is not the "Note Holder" and, therefore, is not entitled to collect payments under the Note. Plaintiff has not provided any legal authority for the proposition that Defendant must be in possession of or able to produce the Promissory Note to lawfully collect loan payments as the loan servicer. Plaintiff's claim appears to stem from a discredited theory often advanced in mortgage-fraud cases in which parties attempt to stop foreclosures based on the failure of the foreclosing party to produce the note. That theory has been wholly discredited in the context of foreclosure actions, which makes its application in this context even more specious because Plaintiff only challenges Defendant's collection of payments that Plaintiff admits he agreed to make under the Promissory Note. *See, e.g., Clark v. Countrywide Home Loans, Inc.*, 732 F. Supp. 2d 1038, 1043 (E.D. Cal. 2010)(The "produce-the-note" theory "is a wholly discredited legal theory serially advanced in mortgage fraud cases."). In fact, Plaintiff stated in a letter attached to his Response to Defendant's Motion to Dismiss that he made payments to Defendant "in good faith for approximately 8 years" on the mortgage loan.

As noted, the Deed of Trust contemplates payments on the loan will be collected by a loan servicer and that servicer may

16 - OPINION AND ORDER

change without assignment of the mortgage.  Plaintiff has not
alleged any facts or law that would entitle him to rescission of
the loan because Defendant, the loan servicer, attempted to
collect payments from Plaintiff.

Accordingly, the Court concludes Plaintiff cannot cure the
deficiencies of this claim by way of additional pleading, and,
therefore, the Court grants Defendant's Motion to Dismiss as to
Plaintiff's claim that Defendant is not entitled to collect
payments on the loan as the loan servicer because it is not the
"Note Holder."

### D.   The Role of MERS.

Plaintiff also alleges in his Amended Complaint that

> MERS is mentioned in item (E) of the Deed of
> Trust as "nominee" and "beneficiary", United
> States Bankruptcy Judge Robert Grossman has
> ruled that MERS business practices are
> unlawful, he explicitly acknowledged that
> this ruling sets a precedent that has far
> reaching implications for half the mortgages
> in this country.  Also, item (E) in the Deed
> of Trust states that" MERS is organized and
> existing under the laws of Delaware" whereas,
> again in item 16 in the Deed of Trust states"
> This Security Instrument shall be governed by
> federal law and the law of the jurisdiction
> in which The property is located", which is
> Oregon, not Delaware.

Plaintiff did not make additional allegations as to the
involvement of MERS in any aspect of Plaintiff's mortgage.
Plaintiff, however, provided the Court with a copy of *In re*
*Ferrel L. Agard*, 444 B.R. 231 (E.D. N.Y., Feb. 10, 2011), in

17 - OPINION AND ORDER

which the Bankruptcy Court held on the basis of New York and
First Circuit law that MERS did not have the right to assign the
mortgage at issue in that case by operation of a similar Deed of
Trust.  That decision, however, is not binding on this Court.  In
any event, Plaintiff has not alleged that MERS transferred his
mortgage, that MERS is without authority to do so, or that MERS
took any action with respect to Plaintiff's mortgage other than
serving as a nominal beneficiary of the lender in the Deed of
Trust.  The Court, therefore, grants Defendant's Motion to
Dismiss this claim and, as explained below, does so without
prejudice.

The Court points out to Plaintiff that this matter is not in
nonjudicial foreclosure, and the law of this jurisdiction that
concerns the failure of MERS to record assignments in the
nonjudicial foreclosure setting is not likely to offer any
support to Plaintiff's apparent claim that either MERS made an
unauthorized assignment of the mortgage or made an assignment
without following lawful procedure.  In light of the history of
this matter, the fact that Plaintiff has had two opportunities in
this Court to make plausible allegations that state a viable
claim against Defendant, and the fact that this is a
nonforeclosure matter, the Court does not foresee Plaintiff will
be able to allege any facts or law that entitle him to the relief
he seeks.  Thus, if Plaintiff wishes to amend his Complaint a

18 - OPINION AND ORDER

third time, he must formally seek leave of Court to do so by filing (1) a motion, (2) the proposed amended complaint, and (3) a supporting memorandum that specifies the legal authority that supports his proposed claim and then sets forth the reasons the Court should permit such an amendment.  The Court grants Plaintiff leave to do so only as to his potential claim that the MERS's involvement with the assignment of Plaintiff's mortgage invalidates Defendant's right to collect payments on the Promissory Note.  Plaintiff must allege in the proposed amended complaint the nature of MERS's involvement with any assignment of Plaintiff's mortgage and must provide in the supporting memorandum a basis in the law that would entitle Plaintiff to relief on the facts alleged in his proposed amended complaint.

In summary, Plaintiff's claims brought in his Amended Complaint against Defendant for rescission of the mortgage at issue based on its sale or securitization and for Defendant's alleged failure to produce or to prove it is the holder of the Promissory Note do not raise cognizable legal claims and "'[cannot] possibly be cured by the allegation of other facts.'" *See Ramirez v. Galaza*, 334 F.3d 850, 861 (9th Cir. 2003)(quoting *Lopez v. Smith,* 203 F.3d 1122, 1130 (9th Cir. 2000)).  In addition, Plaintiff has twice generally alleged fraud against Defendant without providing any particular allegations to support such a claim.  Accordingly, the Court concludes on this record

19 - OPINION AND ORDER

that it is not in the interests of justice and would be futile for Plaintiff to amend his Complaint as to each of those claims. *See In re Daou Sys., Inc.*, 411 F.3d 1006, 1013 (9th Cir. 2005). Thus, the Court grants Defendant's Motion to Dismiss Plaintiff's Amended Complaint and dismisses with prejudice all of Plaintiff's Amended Complaint except for his potential MERS claim.

## CONCLUSION

For these reasons, the Court **GRANTS** Defendant's Request (#46) for Judicial Notice.  The Court also **GRANTS in part** and **DENIES in part** Plaintiff's Requests (#42, #43) for Judicial Notice as set out herein.

The Court **GRANTS** Defendant's Motion (#46) to Dismiss Plaintiff's Amended Complaint in its entirety.  Consistent with this Opinion and Order, the Court **DISMISSES with prejudice** all of Plaintiff's claims except for his potential MERS claim.  The Court **DISMISSES without prejudice** Plaintiff's allegation that the involvement of MERS in his mortgage somehow invalidates Defendant's right to collect payments on the Promissory Note. Plaintiff may file a motion for leave to file an amended complaint **no later than November 21, 2011, only as to his potential MERS claim with supporting documents as set out above**. If Plaintiff files such a motion, the Court will consider it initially without the need for Defendant to respond unless and

20 – OPINION AND ORDER

until the Court directs otherwise.  If Plaintiff does not file

such a motion by November 21, 2011, the Court will also dismiss

with prejudice Plaintiff's potential MERS claim.

IT IS SO ORDERED.

DATED this 28th day of October, 2011.

/s/ Anna J. Brown

_____

ANNA J. BROWN
United States District Judge

21 - OPINION AND ORDER